NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3984
_____

STACY R. BROWN,
                              Appellant

v.

NATIONAL PENN INSURANCE SERVICES GROUP, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-13-cv-01748)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Under Third Circuit LAR 34.1(a)
June 2, 2015

Before:  RENDELL, HARDIMAN and VANASKIE, *Circuit Judges*.

(Filed: June 10, 2015)

_____

OPINION*
_____


HARDIMAN, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Stacy Brown appeals the District Court's summary judgment for National Penn Insurance Services Group, Inc. We will affirm, essentially for the reasons stated by the District Court.

I

Brown began working as an insurance agent for National Penn in 2002. In 2008, her department underwent a reorganization resulting in a change to her responsibilities (but not her compensation) and a move from a private to a shared office. Upset by those changes, Brown met with her manager, Maryanne Broemal, to ask why she was being moved without advance notice and to complain that the reorganization "was unfair." App. 107. At that meeting, Brown alleges, Broemal told her that National Penn believed its larger clients—who were shifted to a different group within Brown's department as part of the reorganization—would prefer to deal with a male agent. Broemal denies making that statement.

Around the same time, Brown was growing dissatisfied with the work David Ferrier, a contractor and National Penn customer, had been performing on her house over the previous few years. After Ferrier unsuccessfully tried to rectify the problems with the work, Brown decided to file an insurance claim with National Penn. Before doing so, she asked Broemal whether she could "put a claim in" for the damage and whether doing so would "jeopardize [her] job." App. 86. She did not, however, tell Broemal that she intended to access Ferrier's confidential account information to file a claim on her own

behalf without following normal procedures for filing claims. Accordingly, Broemal told Brown that filing the claim would not place her employment in jeopardy. After a similar conversation with another employee, Brown used National Penn's computer system to access and obtain Ferrier's information and file a claim for the damage to her house.

Days later, Ferrier contacted National Penn to complain that Brown had acted unethically in using his confidential information to file a claim without his knowledge and without following standard claim-filing procedures. After investigating Ferrier's complaint, National Penn determined that Brown had violated the company's code of conduct—which instructed employees to avoid conflicts of interest and self-dealing transactions and prohibited the use of confidential information "except for the proper conduct of the business of" National Penn—and terminated her employment in late 2008. App. 129. At the time she was terminated, Brown was two weeks past due to receive her annual performance review and salary increase.

Brown sued National Penn in the U.S. District Court for the Eastern District of Pennsylvania, alleging gender discrimination and retaliation under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act (PHRA), 43 Pa. Cons. Stat. § 951 *et seq.* National Penn moved for

summary judgment and the District Court granted the motion. Brown now appeals.[1]

## II

We evaluate gender discrimination claims under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973).[2] Applying that framework, the District Court held that Brown failed to state a prima facie claim of discrimination. *Brown v. Nat'l Penn Ins. Servs. Grp., Inc.*, 2014 WL 4160421, at *5 (E.D. Pa. Aug. 22, 2014). To make a prima facie showing of gender discrimination, Brown needed to show that: (1) she belonged to a protected class; (2) she was performing adequately; (3) she suffered an adverse employment action; and (4) the action took place under circumstances suggesting discrimination. *See McDonnell Douglas*, 411 U.S. at 802 & n.13; *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013). Although Brown's termination and perhaps the delay in her performance evaluation and concomitant raise constituted adverse employment actions, the District Court granted summary judgment because she failed to adduce any evidence indicating that National Penn took those actions under circumstances suggesting

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. "Exercising plenary review over the District Court's summary judgment, we will affirm only if, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion, we conclude that a reasonable jury could not rule for the nonmoving party." *EEOC v. Allstate Ins. Co.*, 778 F.3d 444, 448 (3d Cir. 2015) (internal quotation marks omitted).

[2] "We construe Title VII and the PHRA consistently." *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 539 n.5 (3d Cir. 2006).

discrimination. *Brown*, 2014 WL 4160421, at *6–7.

In this appeal, Brown argues that because her termination came a few weeks after her conversation with Broemal (during which Broemal allegedly told her that National Penn's larger clients would prefer to deal with a man) and because Broemal told her that she would not jeopardize her job by filing a claim against Ferrier, she was terminated under circumstances that could fairly give rise to an inference of discriminatory motive. That argument is unpersuasive because the record shows that she was fired for taking advantage of her position by obtaining and using confidential customer information for her own benefit, an action that violated National Penn's code of conduct. Brown offers no examples of male coworkers being treated differently and draws no logical connection between her firing and Broemal's alleged comment about larger clients preferring male agents. Regardless of whether Broemal assented to Brown's filing of the Ferrier claim, Brown has pointed to no record evidence indicating that her termination was because of her gender.

As for the delay in her performance evaluation and raise, Brown's sole argument on appeal is that the delay began "within one week of the private meeting between Broemal and Brown." Brown Br. 17. As with the termination argument, Brown fails to "establish some causal nexus between" her gender and the delay—she hasn't set forth any facts (such as evidence of male coworkers being treated differently) that would permit a reasonable jury to infer that National Penn delayed her review because she is a woman.

*Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003). Thus, summary judgment on Brown's gender discrimination claim was proper.[3]

The District Court also held that Brown failed to establish a prima facie case of retaliation. *Brown*, 2014 WL 4160421, at *7–8. Brown was required to "show that (1) [she] was engaged in protected activity; (2) [she] was discharged subsequent to or contemporaneously with such activity; and (3) there is a causal link between the protected activity and the discharge." *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir. 1997). The District Court held that Brown failed to show that she engaged in a protected activity because she complained only of unfairness. *Brown*, 2014 WL 4160421, at *7. "A general complaint of unfair treatment" is not a protected activity under Title VII or the PHRA—a plaintiff must show that she complained about unlawful discrimination specifically. *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995).

On appeal, Brown attempts to distort the record, arguing that "[w]ithin three weeks of Brown's complaint [during her conversation with Broemal] about unfairness *about National Penn's gender based decision making*, Brown was terminated." Brown Br. 25

---

[3] Even if we were to hold that Brown satisfied the elements of the prima facie case, we would still affirm the District Court because, after National Penn offered a legitimate, nondiscriminatory reason for her firing—*i.e.*, that she had violated the company's code of conduct by impermissibly accessing and using confidential customer information—Brown did not carry her burden of presenting evidence sufficient to suggest that the articulated rationale for the company's decision was a pretext for discrimination. *See McDonnell Douglas*, 411 U.S. at 802–05; *Fuentes v. Perskie*, 32 F.3d 759, 763–65 (3d Cir. 1994).

(emphasis added). But she provides no citation to the record in support of this characterization, and our independent review of the record leads us to conclude that she did not complain about gender-based decisionmaking during her meeting with Broemal. Instead, Brown herself stated that she complained only that the reorganization, including her move to a shared office, "was unfair." App. 107. Such a generic complaint does not qualify as protected activity, so Brown's prima facie case fails. The District Court therefore did not err in entering summary judgment on her retaliation claim.

For the reasons stated, we will affirm.